FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 2 5 2015

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

MICHAEL C. ORMSBY
United States Attorney
Tyler Tornabene
Assistant United States Attorney
Corey Sewell
Law Clerk
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:14-PO-326-JTR |
| Plaintiff, | |
| vs. | UNSUPERVISED PRE-TRIAL DIVERSION AGREEMENT |
| JACOB D. BAIRD, | |
| Defendant. | |

Plaintiff, United States of America, by and through MICHAEL C.

ORMSBY, United States Attorney for the Eastern District of Washington, Tyler

Tornabene, Assistant United States Attorney, and Corey Sewell, Law Clerk, and

Defendant, JACOB D. BAIRD, and the Defendant's counsel, Steve Roberts, of the

Federal Defenders of Eastern Washington and Idaho, agree to the following

Unsupervised Pre-Trial Diversion Agreement ("Agreement").

The Defendant is before the Court currently charged by mandatory Notice of

Violation # 3315266 (ECF. 1, 2:14-PO-326-JTR) for Failure To Comply With a

Unsupervised Pre-Trial Diversion Agreement - 1

Lawful Order (Failure To Provide Correct Information), in violation of 36 C.F.R. § 327.24(b).

The United States and the Defendant agree that this case shall be continued until March 25, 2016, and thereafter dismissed without prejudice, upon motion by the Defendant, provided the Defendant abides by all the conditions and requirements herein outlined.  If the Defendant completes all of the Conditions of Unsupervised Pre-Trial Diversion, as outlined below, and does not violate this Agreement during its term, the United States will not oppose the Defendant's motion for dismissal with prejudice so long as that motion is not made before September 25, 2016.

## FACTUAL BACKGROUND

The United States and the Defendant stipulate and agree that the following facts are truthful and accurate and form a sufficient basis for a finding of guilt for Failing to Comply with a Lawful Order, in violation of 36 C.F.R. § 327.24(b); that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts can be used as a basis for making findings and entry of judgment per the terms of this Agreement.

On August 30, 2014, in the Eastern District of Washington, the Defendant was identified by Natural Resource Specialist, Chris Lorz, while exercising his duties as a Park Ranger at the Illia Dunes Recreation Area.  Ranger Carey Tolleson made contact with the Defendant for being in possession of a glass alcohol container violating a posted restriction.  The Defendant was unable to provide valid photo identification.  Subsequently, when asked by the rangers, the Defendant provided a false date of birth.  Ranger Lorz informed the Defendant that he is required to provide accurate information upon request and that providing the wrong date of birth would be failing to comply with a lawful order.  Multiple

Unsupervised Pre-Trial Diversion Agreement - 2

attempts were made by Garfield County Sheriff Deputy Steve Krouse to confirm the Defendant's identity through dispatch, but each attempt was unsuccessful until the Defendant later stated that his date of birth was actually 03-30-1994, not 03-30-1993 as he initially maintained.  As a result, the Defendant was cited for Failure to Comply with a Lawful Order pursuant to 36 C.F.R. 327.24(b).

## ACCEPTANCE OF PRE-TRIAL DIVERSION AND
## STIPULATION OF FACTS

The Defendant hereby:

1. Accepts and agrees to pursue and complete the terms and conditions of this Unsupervised Pre-Trial Diversion Agreement ("Agreement");

2. Understands that if he fails or neglects to comply with any part of the terms and conditions of the Agreement, then the Court will hold a hearing to determine whether judgment should be entered as charged for Failure to Comply with a Lawful Order, in violation of 36 C.F.R. § 327.24(b).  After the hearing, the Court will either order that Defendant continue with the conditions of his unsupervised pre-trial diversion, order additional conditions, or be removed from pre-trial diversion and enter judgment on the charge;

3. Agrees that if the Court revokes the order granting this Unsupervised Pre-Trial Diversion, the facts from the Factual Background above and any additional material, submitted by the United States, including but not limited to the Stipulation and Agreement for Continuance from the District Court of Washington for Garfield County, case number 4Z0749416, filed with the Garfield County District Court on December 04, 2014, authored by Prosecuting Attorney Matt L. Newberg; and the Garfield County Sherriff's Primary Officer Report, Case Number 14-01756, authored by Officer Steven M. Krouse, and any attachments

Unsupervised Pre-Trial Diversion Agreement - 3

thereto, will be admissible as evidence to be used to support a finding of guilt when the Court enters judgment.  Defendant understands that by agreeing to this process, he is giving up certain Constitutional rights.  He specifically acknowledges that he is giving up the right to a trial, the right to testify or not to testify, the right to question witnesses, the right to call witnesses on his own behalf, and the right to present evidence or a defense;

4. Understands that he is entitled to a trial that would determine whether the United States could prove him guilty of the instant charge beyond a reasonable doubt.  He does hereby, voluntarily and with knowledge of the above rights, waive his right to a trial of this case by the Court pursuant to paragraph three (3) above;

5. Agrees to report any potential violation of the conditions listed below to the United States Attorney's Office for the Eastern District of Washington within one (1) business day of the potential violation.  This communication should be done by telephone to (509) 353-2767.

## CONDITIONS OF UNSUPERVISED PRE-TRIAL DIVERSION

The Defendant must abide by the following conditions and requirements:

1. The Defendant shall pay in full the total collateral amount associated with Notice of Violation 3315239 (ECF 1, 2:14-PO-327-JTR), charging the Defendant with one count of Failure to Observe Posted Restrictions, in violation of 36 C.F.R. § 327.12A and issued on August 29, 2014.  The total collateral amount is $100, which the Defendant agrees to pay before April 15, 2015.

Unsupervised Pre-Trial Diversion Agreement - 4

2.  Payment for the Notice of Violation may be mailed to:

                    Central Violations Bureau

                    P.O. Box 71363

                    Philadelphia, PA 19176-1363

      or paid online at:

      www.cvb.uscourts.gov

3. The Defendant shall perform 25 hours of community service before August 1, 2015.

4. The community service hours performed by the Defendant must be with a 501(c)(3) organization with which neither the Defendant nor his immediately family has any past or current affiliation.

5. The Defendant shall provide the U.S. Attorney's Office for the Eastern District of Washington with written documentation as proof of the completed community service by August 7, 2015.

6. Written documentation must include the name, signature, and contact information of the supervisor.

7. Written documentation must be sent by facsimile to (509) 835-6397, or mailed to:

                    United States Attorney's Office for the Eastern District of WA

                    c/o Corey Sewell

                    Post Office Box 1494

                    Spokane, WA 99210-1494

The Defendant must also speak with a law clerk for the Spokane Petty Offense Docket by calling (509) 353-2767 to confirm that proof of completed community service was received by the United States Attorney's Office.

8. The Defendant shall comply with all terms of the agreement in the Stipulation and Agreement for Continuance for case No. 4Z0749416, in the District Court of Garfield County, Washington, to which the Defendant signed as a resolution to other criminal charges in that court, but which arose out of the same incident at Illia Dunes Recreation Area in the Eastern District of Washington.

9. The Defendant shall not violate nor be charged with or convicted of any criminal violations under federal, state, or local law before this cause is dismissed without prejudice, or judgment is entered, per the terms of this Agreement.  Civil and Non-Criminal Traffic Infraction violations will not constitute a violation of this Agreement.

If the Defendant complies with all the obligations mentioned above, no prosecution for the conduct set out in the Factual Background section of this Agreement will be instituted in the Eastern District of Washington and the United States agrees to dismiss these charges without prejudice.

Should there be a violation of the terms of this Agreement, however, and the Agreement is revoked, a conviction for the charged offense, a Class B Misdemeanor, may be imposed pursuant to the procedures outlined herein.  If a conviction occurs, the Defendant understands he will be subject to a sentencing which may include up to six months imprisonment and/or a $5,000 fine.

## ADVICE AND ACKNOWLEDGMENT OF DEFENDANT'S RIGHTS

I, JACOB D. BAIRD, understand and acknowledge I have the following rights:

1. The right to a speedy and public trial in the place where the crime is alleged to have been committed;

2. The right at trial to question witnesses who testify on my behalf;

Unsupervised Pre-Trial Diversion Agreement - 6

3. The right at trial to call witnesses to testify for me;

4. The right to present evidence and a defense;

5. The right to appeal a judgment of guilt.

By entering into this Agreement I understand that I am knowingly, intelligently, and voluntarily, waiving these rights. I further understand that by continuing these charges until March 25, 2016, I am agreeing to follow the procedures outlined in this Agreement.

I, JACOB D. BAIRD, hereby state that I have read this document in its entirety. I understand the conditions of my unsupervised pre-trial diversion and agree that I will comply with those conditions.

_____                    3/25/15
JACOB D. BAIRD                                       _____
Defendant                                            Date

_____                    3/25/15
J. Stephen Roberts Jr.                               _____
Attorney for the Defendant                           Date

_____                    3-25-15
Tyler Tornabene                                      _____
Assistant United States Attorney                     Date

_____                    3/25/15
Corey Sewell                                         _____
Law Clerk                                            Date

Unsupervised Pre-Trial Diversion Agreement - 7



FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 2 5 2015

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

          vs.

JACOB D. BAIRD,

          Defendant.

Case No.: 2:14-PO-326-JTR

ORDER GRANTING
UNSUPERVISED PRE-
TRIAL DIVERSION
AGREEMENT

Upon consideration of the parties' Unsupervised Pre-Trial Diversion
Agreement, and being fully advised of the facts and circumstances of this case, the
Court finds the Defendant has agreed to comply with the terms and conditions of
the Unsupervised Pre-Trial Diversion Agreement; that the Court finds the
Defendant has acknowledged the admissibility of the stipulated facts and law
enforcement reports in any criminal hearing on the underlying offense or offenses
held subsequent to revocation of the order granting pre-trial diversion; that the
Defendant's statements were made knowingly and voluntarily; and that the
Defendant has knowingly and intelligently waived his Constitutional and statutory
rights to a speedy trial, to question those witnesses against him, to call witnesses
on his behalf, and to present evidence or a defense at trial.

NOW THEREFORE, IT IS HEREBY ORDERED:

    1. The Defendant is accepted for unsupervised pre-trial diversion;

    2. The Defendant shall comply with all the terms and conditions as set forth
in the Unsupervised Pre-Trial Diversion Agreement;

Order Granting Unsupervised Pre-Trial Diversion Agreement - 1

3. If the Court finds that the Defendant violated any term of the Unsupervised Pre-Trial Diversion Agreement, the Court shall make findings pursuant to the procedures outlined in the Agreement.

_____

HON. John T. Rodgers
United States Magistrate Judge

3-25-15

Date

Order Granting Unsupervised Pre-Trial Diversion Agreement - 2